Noah Axler (PA85324)
AXLER GOLDICH LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Tel: (267) 534-7400
Fax: (267) 534-7407
Email: naxler@axgolaw.com

Attorney for Plaintiff and the Proposed Class

J. Gordon Cooney, Jr. (PA42636)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-4806
Fax: (215) 963-5001
Email: gordon.cooney@morganlewis.com

Attorney for Defendant Toyota Motor North America, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENARD SHOEMAKER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR CORPORATION,<br><br>    Defendants. | 3:20-cv-00869-RDM<br><br>The Honorable Robert D. Mariani<br><br>**JOINT MOTION TO LIFT THE STAY AND TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**<br><br>Electronically Filed |

Plaintiff Lenard Shoemaker, as represented by counsel, and Defendant Toyota Motor North America, Inc. ("Toyota") (together with Plaintiff, "Parties"), as represented by counsel, respectfully jointly move the Court to

1

lift the stay in this case and transfer this case to the United States District Court for the Eastern District of New York pursuant to the first to file rule and/or 28 U.S.C. § 1404(a).

The grounds for the motion are as follows:

1. On May 28, 2020, Plaintiff filed a class action Complaint [ECF No. 1] against Toyota and Toyota Motor Corporation, which was served on Toyota on June 11, 2020.

2. On June 30, the parties filed a Joint Motion for an Extension of Time for Defendant Toyota to Respond to Plaintiff's Class Action Complaint, which was ordered by the Court on July 1, 2020.

3. On June 16, 2020, Plaintiff filed a Motion for Transfer of Actions to the Eastern District of Michigan Pursuant to 28 U.S.C. § 1407 ("Motion for MDL Transfer") with the Judicial Panel on Multidistrict Litigation ("JPML"). If granted by the JPML, this Motion for Transfer would result in the transfer of this case and other affected cases.

4. Toyota and other interested parties filed oppositions to the Motion for Transfer on July 8, 2020.

5. Plaintiff filed a reply on July 15, 2020.

6. On July 17, 2020, the Parties filed a Joint Motion for Stay Pending JPML Ruling ("Motion for Stay").

7. This Court granted the Motion for Stay on July 21, 2020.

8. Prior to the filing of the instant lawsuit, Sharon Cheng filed her complaint in *Cheng v. Toyota Motor Corp. et al.*, No. 20-cv-00629-WFK-CLP (E.D.N.Y.), on February 4, 2020, in the Eastern District of New York. *Cheng* is the first-filed case alleging claims arising from Defendants' unfair, deceptive, and fraudulent marketing and selling of the Class Vehicles equipped with inherently defective fuel pumps. (Cheng, ECF No. 1).

9. After the filing of the *Cheng* action, three other cases raising essentially identical allegations against Toyota were filed: *Jennifer Chalal. v. Toyota Motor Corporation, et al.*, No. 2:20-cv-01867-CDJ (E.D. Pa.); *Tina Feng v. Toyota Motor Corporation et al.*, No. 3:20-cv-0534-CAB-BLM (S.D. Cal.); and *Elizabeth Gendron, et al. v. Toyota Motor Corporation et al.*, No. 8:20-cv-00775-DOC-KES (E.D.N.Y.).

10. Each of these cases sought and were granted transfer to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).[1] *Chalal, Feng*, and *Gendron* have since all been consolidated with *Cheng*.

11. Plaintiff in the instant case has decided to withdraw his Motion

---

[1] The cases obtained the following civil action numbers after the transfer: *Jennifer Chalal. v. Toyota Motor Corporation, et al.*, No. 1:20-cv-02450-WFK-CLP (E.D.N.Y.); *Tina Feng v. Toyota Motor Corporation et al.*, No. 1:20-cv-02493-WFK-CLP (E.D.N.Y.); and *Elizabeth Gendron, et al. v. Toyota Motor Corporation et al.*, No. 1:20-cv-02947-WFK-CLP (E.D.N.Y).

for MDL Transfer, and instead, seek to transfer this case to the United States District Court for the Eastern District of New York under the first to file rule and/or pursuant to 28 U.S.C. § 1404(a) as the subject matter of this action is the same as the first-filed *Cheng* action and all parties have consented to the transfer.

12. Here, both *Shoemaker* and the first-filed *Cheng* class actions have identical subject matter, as both arise from Toyota's Recall of vehicles equipped with Denso fuel pumps, which plaintiffs in both cases allege are defective and render the affected vehicles inherently dangerous. (Compare *Shoemaker* ECF No. 1 ¶¶ 1-11, with *Cheng* ECF No. 59, ¶¶ 1-17.) Both cases allege Toyota's marketing of the affected vehicles as safe, durable and reliable was materially misleading. (*Id.*) Both cases assert statutory consumer protection, breach of warranty, and unjust enrichment claims, and, in addition, assert a federal claim under the Magnuson-Moss Warranty Act ("MMWA"). (Compare *Shoemaker* ECF No. 1 ¶¶ 99-173, with *Cheng* ECF No. 59, ¶¶ 502-1440) Indeed, with respect to the MMWA claim, both plaintiffs seek to represent the same nationwide class. (Compare *Shoemaker* ECF No. 1 ¶¶ 89, 100, with *Cheng* ECF No. 59, ¶¶ 476, 1425). Moreover, both cases seek nearly identical relief. (Compare *Shoemaker* ECF No. 1, Request for Relief, with *Cheng* ECF No. 59, Request for Relief). Under

these circumstances, if this case is not transferred to the Eastern District of New York, there are sure to be inconsistent rulings and wasted resources – the very situations the first to file rule is designed to prevent. *EEOC v. Univ. of Pa.*, 850 F.2d 969, 974 (3d Cir. 1988); *see Grider v. Keystone Health Plan Central, Inc.*, 500 F.3d 322, 333 n.6 (3d Cir. 2007) (where "a determination in one action leaves little or nothing to be determined in the other," transfer under the first to file rule is appropriate) (internal quotation marks omitted).

13. Additionally, transfer of this action to the Eastern District of New York is also appropriate under 28 U.S.C. 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ***or to any district or division to which all parties have consented***." (emphasis added). Here, the parties have all consented to transfer to the Eastern District of New York. Transfer under Section 1404(a) is also appropriate because it serve the convenience of the parties and witnesses and promote the interests of justice.

14. The purpose of Section 1404(a) is to encourage judicial economy and efficiency by "prevent[ing] the waste of time, energy and money and . . . protect[ing] litigants, witnesses and the public against

unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). Permitting "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (internal quotation marks omitted). Here, the only way to avoid waste of judicial and party resources and to promote the public interest is to transfer this case to the Eastern District of New York where *Cheng* is pending.

WHEREFORE, Plaintiff and Toyota, respectfully requests the entry of an unopposed order lifting the stay of this action and transferring this case to the United States District Court for the Eastern District of New York.


Dated: September 14, 2020      Respectfully submitted,

*/s/ Noah Axler*
Noah Axler (PA85324) (ECF User)
AXLER GOLDICH LLC
1520 Locust Street, Suite 301
Philadelphia, PA 19102
Telephone: (267) 534-7400
Facsimile: (267) 534-7407
Email: naxler@axgolaw.com

*Attorney for Plaintiff and the Proposed Class*

*/s/ J. Gordon Cooney, Jr.*
J. Gordon Cooney, Jr. (PA42636)
(ECF User)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-4806
Fax: (215) 963-5001
Email: gordon.cooney@morganlewis.com

*Attorney for Defendant Toyota Motor North America, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENARD SHOEMAKER on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>   vs<br>TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR CORPORATION,<br><br>             Defendants. | CIVIL NO. 3:20-cv-00869-RDM<br><br>**[PROPOSED] JOINT ORDER LIFTING STAY AND TRANSFER CASE TO THE EASTERN DISTRICT OF NEW YORK** |

**THIS MATTER** having been brought before the Court by Morgan, Lewis & Bockius LLP, attorneys for Defendant Toyota Motor North America, Inc., and the attorneys for Plaintiff, for an Order lifting the stay in this Action and granting transfer of this case to the United States District Court for the Eastern District of New York;

**IT IS** on this ____ day of _____, 2020

**ORDERED** that the Joint Motion to Lift the Stay and Transfer to the Eastern District of New York is hereby GRANTED, the Clerk is hereby directed to transfer this case to that district, and it is

**FURTHER ORDERED** that a copy of this Order be served upon all counsel of record within ____ days of the date hereof.

                                                      _____
                                                      ROBERT D. MARIANI, U.S.D.J.